# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

RHONDA SHADE, *et al.*

Plaintiffs,

v.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*

Defendants.

Case No. 2:15-cv-01016-RFB-PAL

**ORDER**

Defendants' Motion to Dismiss (ECF No. 54)

## I.  INTRODUCTION

Before the Court is Defendants' Motion to Dismiss (ECF No. 54). For the reasons stated below, the Motion to Dismiss is GRANTED.

## II.  BACKGROUND

### a. Factual Allegations and Claims

The following factual allegations are taken from Plaintiffs' Second Amended Complaint. (ECF No. 52). Rhonda Shade ("Ms. Shade") and Lowell Shade are Nevada residents who were approved by the Nevada Department of Health and Human Services ("DHHS") for Nevada's medical marijuana program. Lowell Shade, Jr., is a minor residing in the State of Nevada. Ms. Shade was an advocate for the medical marijuana program, working with Nevada legislators to draft legislation to implement the program. Ms. Shade was in Carson City, Nevada, during the legislative session, to advocate for access to medical marijuana. She alleges that as a result of this advocacy, she was subjected to an "illegal" search warrant to retaliate against her speech. On March 19, 2011, Ms. Shade's home was searched by Defendants and members of the Las Vegas

Metropolitan Police Department ("LVMPD") Narcotics Bureau under the command of Defendant McGrath. Plaintiffs Rhonda and Lowell Shade were then arrested. Defendant McGrath claimed that he and Defendants conducted a "premises freeze." In actuality, the Defendants entered Plaintiff's residence without consent, and used information "to dupe" a Justice of the Peace into issuing a warrant.

McGrath "maliciously stomped after Plaintiff's pet parrot as if he were trying to kill the bird." Defendant Grimmett omitted exculpatory information from the search warrant to mislead the magistrate judge. He omitted that Defendant Ash lied to the Plaintiffs to gain entry into the residence. Grimmett omitted from his declaration that Plaintiffs had been granted a physician's exemption to grow an excess number of medical marijuana plants. His declaration stated that Plaintiffs' cultivation of medical marijuana plants was "in excess of Nevada law."

The LVMPD has a de facto policy of disregarding the legal status of Nevada's medical marijuana patients.

Defendant Ash filed an arrest report which omitted the fact that Plaintiff had a physician's exemption to grow excess plants. The arrest report falsely stated that Lowell Shade had been previously convicted of a felony. This report was approved by Defendant Dockendorf. Defendant Ash screamed at Plaintiffs during their arrest.

Charges against Plaintiffs were dismissed on June 6, 2013, because Plaintiffs did not exceed possession of the amounts contained in their medical marijuana waiver. The arrest resulted in detention of Plaintiffs as well as approximately $300,000.00 in property destroyed by Defendants.

Plaintiffs' Second Amended Complaint asserts the following claims against Defendants: a Fourth Amendment claim for unlawful search and seizure, pursuant to 42 U.S.C. § 1983; a First Amendment retaliation claim, pursuant to 42 U.S.C. § 1983; a malicious prosecution claim pursuant to 42 U.S.C. § 1983; a <u>Monell</u> claim against the LVMPD for a policy and practice of disregarding the legal status of Nevada's medical marijuana patients, pursuant to 42 U.S.C. § 1983; a state tort claim for malicious prosecution; and a state tort claim for assault and battery.

**b. Procedural History**

*Pro se* Plaintiffs filed a Complaint on June 2, 2015. (ECF No. 1). This Complaint was never served on Defendants. Plaintiffs filed an Amended Complaint on October 2, 2015, which was served on Defendants. (ECF No. 5). Defendants John Collins, Jared Grimmett, LVMPD, and J. Smith, filed a Motion to Dismiss on November 16, 2015. (ECF No. 15). Plaintiffs filed a Motion to Amend/Correct the Amended Complaint on March 3, 2016. (ECF No. 30). At a hearing on August 19, 2016, the Court granted the Motion to Amend, and denied the pending Motion to Dismiss without prejudice and with leave to refile. On September 2, 2016, Plaintiffs filed a Second Amended Complaint against the LVMPD, Officer Anthony Ash, Officer J. Smith, Officer J. Collins, Detective Jerrod Grimmett, Sergeant McGrath, and Lieutenant Dockendorf. Defendants Ash, Collins, Grimmett, LVMPD, McGrath, and Smith, filed a Motion to Dismiss on September 8, 2016. (ECF No. 54). Defendant Dockendorf joined this motion. (ECF No. 64). Plaintiffs filed a Response on September 21, 2016, and Defendants filed a Reply on September 28, 2016. (ECF Nos. 57, 59).

**III.     LEGAL STANDARD**

    **a.  Motion to Dismiss**

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but merely asserting "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct

alleged." Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted). In sum, at the motion to dismiss stage, "[t]he issue is not whether a plaintiff will ultimately prevail but whether [he] is entitled to *offer* evidence to support the claims." Cervantes v. City of San Diego, 5 F.3d 1273, 1274-75 (9th Cir. 1993) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)) (emphasis in original).

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (citation and internal quotation marks omitted). If the district court relies on materials outside the pleadings submitted by either party to the motion to dismiss, the motion must be treated as a Rule 56 motion for summary judgment. Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996). Two exceptions to this rule exist. First, the court may consider extrinsic material "properly submitted as part of the complaint," meaning documents either attached to the complaint or upon which the plaintiff's complaint necessarily relies and for which authenticity is not in question. Lee, 250 F.3d at 688 (citation omitted). Second, the court "may take judicial notice of matters of public record." Id. (citation and internal quotation marks omitted).

### IV. DISCUSSION

#### a. Time Barring of Plaintiffs' Federal Claims

##### i. Legal Standard

"The statute of limitations applicable to an action pursuant to 42 U.S.C. § 1983 is the personal injury statute of limitations of the state in which the cause of action arose." Alameda Books, Inc. v. City of Los Angeles, 631 F.3d 1031, 1041 (9th Cir. 2011). The applicable Nevada statute of limitations is two years. See Rosales-Martinez v. Palmer, 753 F.3d 890, 895 (9th Cir. 2014) (citing N.R.S. § 11.190(4)(e)). The statute of limitations period accrues when a party "knows or has reason to know of the injury." Golden Gate Hotel Ass'n v. City and Cty. of San Francisco, 18 F.3d 1482, 1486 (9th Cir. 1994).

State law also governs the application of tolling doctrines when not inconsistent with federal law. See Hardin v. Straub, 490 U.S. 536, 537-39 (1989). However, "federal law determines when a cause of action accrues and the statute of limitations begins to run for a [Section] 1983

claim." Rosalez-Martinez, 753 F.3d at 895. Ordinarily, the claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." Id. Nevada does recognize equitable defenses of waiver, estoppel, and tolling with regards to statutes of limitation. See, e.g., City of N. Las Vegas v. State Local Gov't Bd., 127 Nev. 631, 639-40 (Nev. 2011). It applies the Ninth Circuit's definition of equitable tolling, "focusing on whether there was excusable delay by the plaintiff: if a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs." Id. (quoting Lukovsky v. City and Cty. of San Francisco, 535 F.3d 1044, 1051 (9th Cir. 2008). Equitable tolling is designed to excuse a plaintiff who had neither actual nor constructive notice of the filing period. See Johnson v. Henderson, 314 F.3d 409, 414 (9th Cir. 2002).

### ii. Analysis

#### 1. Fourth Amendment Search and Seizure Claim

Plaintiffs claim that they were falsely arrested on March 19, 2011, and that the search and seizure incident to this arrest was unlawful. The statute of limitations regarding this claim begins running when Plaintiffs knew or had reason to know of the injury: the date of their arrest. See Wallace v. Kato, 539 U.S. 384 (2007). The Second Amended Complaint indicates that the Plaintiffs were aware of the alleged constitutional violations during the seizure and arrest. Plaintiffs claim that they underwent a continuing seizure during the entirety of their malicious prosecution and therefore filed a timely Complaint, because the seizure did not end until June 6, 2013, when their charges were dismissed. Plaintiffs argue that any claims arising out of the events of March 2011 caused a continuing seizure and, to support their argument, cite to a concurring opinion in Albright v. Oliver, 510 U.S. 266 (1994). In this concurrence, Justice Ginsberg suggests that a defendant released pretrial was effectively "seized" and can raise Fourth Amendment claims as a "continuing seizure." This opinion is neither relevant nor binding authority for tolling the statute of limitations on Plaintiffs' Fourth Amendment claims until their claims were dismissed; Plaintiffs were not under a continuing seizure.

The Supreme Court has rejected a federal tolling rule which would toll the statute of limitations for § 1983 actions until a State dropped charges against an individual. See Wallace, 539 U.S. at 385 (holding that the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is following by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process).

Plaintiffs were detained pursuant to legal process on March 19, 2011, and the applicable Nevada statute of limitations for Plaintiffs' claims is two years. N.R.S. § 11.190(4)(e). Therefore, the statute of limitations on this claim expired on March 19, 2013. Plaintiffs did not file their complaint until 2015. Therefore, Plaintiffs' Fourth Amendment claim for unlawful search and seizure is time barred.

### 2. First Amendment Retaliation Claim

Plaintiff Rhonda Shade alleges that she had been in Carson City, Nevada, advocating for access to medical marijuana "immediately prior" to her arrest, and that the search and subsequent arrest being challenged by this litigation was in retaliation for that speech. Plaintiffs' Complaint indicates that they knew of the alleged First Amendment retaliation during the search and arrest. Plaintiffs' allegedly protested, during their arrest, that they were in compliance with Nevada medical marijuana statutes.

Plaintiffs were detained, in alleged retaliation against their First Amendment protected speech, on March 19, 2011, and the applicable Nevada statute of limitations for Plaintiffs' claims is two years. N.R.S. § 11.190(4)(e). Therefore, the statute of limitations on this claim expired on March 19, 2013. Plaintiffs did not file their complaint until 2015. Therefore, Plaintiffs' First Amendment retaliation claim is time barred.

### 3. Malicious Prosecution Claims

A § 1983 claim for malicious prosecution accrues from the date the criminal proceedings are terminated in the Plaintiff's favor. See Heck v. Humphrey, 512 U.S. 477, 489 (1994). Therefore, the statute of limitations on Plaintiffs' malicious prosecution claim began running on the date of dismissal of their charges, June 6, 2013. To be timely, this claim cannot have been filed after June 6, 2015. Nevada courts have recognized the same statute of limitations rule as the federal

courts: a state law claim for malicious prosecution accrues from "the final termination of the original criminal proceeding in the claimant's favor." Day v. Zubel, 922 P.2d 536, 539 (Nev. 1996).

Plaintiffs argue that their Complaint was timely because their original Complaint was filed on June 2, 2015, days before the statute of limitations would have run. Defendants argue that the Court cannot relate back to the date of the original Complaint because the original Complaint was not served; that, rather, the operative date for consideration of when Plaintiffs initiated their cause of action is the date of the first *served* complaint, October 2, 2015. Defendants argue that notice and prejudice are factors in analyzing the operative date to which the Court should relate back. Defendants were not on notice of the lawsuit until the First Amended Complaint was filed.

The Supreme Court has held that when the statute of limitations for a claim in federal court arises out of state law, the state law's considerations regarding commencement of an action should govern. See Walker v. Armco Steel Corp., 446 U.S. 740 (1989). Federal courts cannot give the cause of action longer life in federal court than it would have had in the state court. Id. at 747 (quoting Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 533-34 (1949)). The relevant state law statute of limitations, N.R.S. § 11.190(4)(e), does not specifically state when actions commence for purposes of the personal injury statute of limitations. However, the Nevada Supreme Court has held that an action commences upon filing of a complaint *and the issue of summons*. See Deboer v. Fattor, 304 P.2d 958, 959-60 (Nev. 1956). No summons was issued in this case until the First Amended Complaint was filed on October 2, 2015. (ECF No. 6). The action therefore did not commence, for purposes of the state statute of limitations, until October 2, 2015, which is well outside the statute of limitations period.

Therefore, the Court finds the malicious prosecution claim, under both § 1983 and state tort law, to be barred by the statute of limitations.

### 4. Monell Claim

Plaintiffs' Monell claim of an LVMPD policy or practice is premised on all the underlying § 1983 Constitutional claims against individual officers. Therefore, the relevant statute of limitations is identical to those analyzed above. As discussed, Plaintiffs failed to file a timely

Complaint as to these § 1983 claims, and therefore the Monell claim is also time barred.

### b. Time Barring of Plaintiff's State Law Claim

#### i. Legal Standard

Plaintiff brings an assault and battery tort claim against Defendants, in addition to the federal claims discussed. The same statute of limitations applies; N.R.S. § 11.190(4)(e) establishes a 2-year statute of limitations for personal injury caused by the wrongful acts or negligence of another.

#### ii. Analysis

This injury arises out of conduct which occurred during the search and arrest on March 19, 2011. The two-year statute of limitations expired on March 19, 2013. Plaintiffs did not file their complaint until 2015. Therefore, the state law claim is time barred.

### c. Equitable Tolling

#### i. Legal Standard

The Nevada Supreme Court follows the Ninth Circuit's standard for equitable tolling. "As recognized by the Ninth Circuit Court of Appeals, equitable tolling 'focuses on whether there was excusable delay by the plaintiff: If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs.'" City of N. Las Vegas v. State Local Gov't Employee-Management Relations Bd., 127 Nev. 631, 640 (Nev. 2011) (citing Lukovsky v. City and Cty. of San Francisco, 535 F.3d 1044, 1051 (9th Cir. 2008)).

#### ii. Analysis

Plaintiffs assert in their Complaint that the statute of limitation for their claims should be tolled because of the prosecution against them. Plaintiffs argue that if they had filed a civil action against the LVMPD while the charges against Plaintiffs were pending "the case would never have been dismissed." This indicates that the Plaintiffs were aware of the appropriate timeline for filing their Complaint and chose not to file. As noted, the doctrine of equitable tolling exists to protect Plaintiffs who either do not know their rights exist or have no actual or constructive notice of the

filing period. Plaintiffs here knew of their injury and chose not to file their Complaint within the statute of limitations. Therefore, the Court holds that equitable tolling does not apply.

Furthermore, even if the Court were to find that the prosecution tolled Plaintiffs' statute of limitations, these claims would still be time barred because the statute of limitations would, at the latest, begin running on June 6, 2013, the date of dismissal of Plaintiffs' charges. However, as discussed above, the action commenced for purposes of consideration of the statute of limitations when the Amended Complaint was served on Defendants, on October 2, 2015, which is well outside the two-year statute of limitations period.

### V.  CONCLUSION

Accordingly, Defendants' Motion to Dismiss (ECF No. 54) is GRANTED and the case is closed.

DATED: September 30, 2017.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**